# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

MICHAEL A. GORDON,

        Plaintiff,

v.                                                     Case No. 3:24-cv-228-TJC-PDB

L.T. RONNIE WEEMS, et al.,

        Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system who is serving a death sentence, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding in forma pauperis (Doc. 5). On May 15, 2024, the Court dismissed the Complaint and ordered Plaintiff to file an amended complaint if he desired to proceed with his claims. See Order (Doc. 10). Plaintiff filed an Amended Complaint (Doc. 15). He also filed a "Motion for Supplemental Complaint and/or Amended Complaint" (Doc. 16) and attached thereto a proposed supplemental complaint (Doc. 16-1). On October 17, 2024, the Court advised Plaintiff of the deficiencies in his Amended Complaint and proposed supplemental complaint, and afforded him one final opportunity to amend his claims. See Order (Doc. 17). On November 22, 2024, the Court received Plaintiff's Second Amended Complaint (Doc. 18).

In the Second Amended Complaint, Plaintiff names as Defendants: (1) Ricky Dixon, Secretary of the Florida Department of Corrections, in his individual capacity; (2) Lieutenant Ronnie Weems, in his individual capacity; (3) Correctional Officer Webs, in his individual capacity; (4) Centurion Health, LLC; and (5) Colonel Michelle Nippers, in her official capacity. Doc. 18 at 2-4. Plaintiff contends that Dixon, with deliberate indifference, negligently failed to provide adequate training to ensure staff would follow established procedures regarding emergency mental health care for prisoners, failed to correct Webs's actions in refusing to provide Plaintiff with mental health treatment, and failed to correct Centurion's inadequate medical treatment of Plaintiff's finger. See id. at 8-9. Additionally, according to Plaintiff, on July 13, 2023, Webs denied Plaintiff access to emergency mental health treatment. See id. at 10. Then on July 18, 2023, Weems placed Plaintiff in a cell without a bed, mattress, or clothing for 1 day and 6 hours, improperly placed him on strip status as a result of another inmate's actions, and sprayed him with chemical agents for 30 minutes. See id. at 10-11.

At some point, Plaintiff contends that Centurion ordered x-rays for Plaintiff's broken finger, but did not set it properly, so Plaintiff now needs surgery that Centurion has not scheduled. See id. at 13. Finally, Plaintiff tried to discuss his heightened security status with Nippers several times but she failed to provide him with an adequate answer. See id. at 12-13.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[1] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397,

---

[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

3

401 (11th Cir. 1986) (citation omitted); <u>Porter v. White</u>, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. <u>See</u> <u>Randall v. Scott</u>, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. <u>Jackson v. BellSouth Telecomm.</u>, 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u>

The Court must read Plaintiff's pro se allegations in a liberal fashion. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>Bingham</u>, 654 F.3d at 1175. And,

while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as <u>de</u> <u>facto</u> counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" <u>Alford v. Consol. Gov't of Columbus, Ga.</u>, 438 F. App'x 837, 839 (11th Cir. 2011)[2] (quoting <u>GJR Invs., Inc. v. Cnty. of Escambia, Fla.</u>, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), <u>overruled in part on other grounds as recognized in Randall</u>, 610 F.3d at 709).

Upon review, the Court finds that Plaintiffs Second Amended Complaint is due to be dismissed. The Court previously advised Plaintiff that he may only pursue related claims in this lawsuit. <u>See</u> Order (Doc. 17) at 3-4. Yet, Plaintiff raises unrelated claims in the Second Amended Complaint in violation of Federal Rule of Civil Procedure 20(a). Indeed, his assertions against Webs, Weems, Centurion, and Nippers neither arise from the same basic issue or incident nor have any overlapping facts. Additionally, Plaintiff's assertions against Dixon, i.e., that Dixon failed to train his subordinates, are entirely made

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. <u>See</u> <u>McNamara v. GEICO</u>, 30 F.4th 1055, 1060-61 (11th Cir. 2022); <u>see generally</u> Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

up of legal conclusions. Regardless, Plaintiff's allegations fail to state a plausible claim of constitutional dimension against any Defendant.

To the extent Plaintiff seeks to sue Nippers (or any other Defendant) in her official capacity, his allegations are insufficient to state a plausible claim. As Plaintiff was previously advised, official-capacity liability requires allegations that an FDOC policy, custom, or practice was the "moving force" behind any alleged constitutional violation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693-94 (1978) (concluding that municipal liability under § 1983 occurs "when execution of a government's policy or custom" is "the moving force" behind the constitutional violation). Plaintiff has failed to state a plausible claim against any Defendant in his or her official capacity.

Finally, the law is well-settled that the constitution is not implicated by a defendant's negligent acts. Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986) ("As we held in Daniels, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). Therefore, any act of negligence of which Plaintiff complains does not give rise to a federal constitutional claim.

Accordingly, it is

**ORDERED:**

1.    This case is **DISMISSED WITHOUT PREJUDICE**.

2.    The **Clerk** shall enter judgment dismissing this case with prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of January, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

JAX-3 1/13
c:
Michael A. Gordon, #H07698